Carolyn Hunt Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for Plaintiff and the Putative Class and Collective

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

DEMARIO MCMILLIAN, individually and on behalf of all others similarly situated,

    Plaintiff,

vs.

OVERTON SECURITY SERVICES, INC.,

    Defendant.

Case No. _____

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**(1) Violations of the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.)**
**(2) Failure to Authorize and Permit and/or Make Available Meal and Rest Periods (Cal. Labor Code §§ 203, 223, 226.7, 512, and 1198);**
**(3) Failure to Pay for All Hours Worked (Cal. Labor Code §§ 200, 1194, and 1198);**
**(4) Failure to Pay Minimum Wage (Cal. Labor Code §§ 1182.11, 1182.12 and 1197);**
**(5) Failure to Pay Overtime Wage (Cal. Labor Code §§ 200, 510, 1194);**
**(6) Failure to Provide Accurate Itemized Wage Statements (Cal. Labor Code § 226);**
**(7) Failure to Reimburse for Necessary Business Expenditures (Cal. Labor Code § 2802);**
**(8) Waiting Time Penalties (Cal. Labor Code §§ 201-203);**
**(9) Unlawful Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq*.);**
**(10) Penalties Pursuant to § 2699(a) of the Cal. Private Attorneys General Act; and**
**(11) Penalties Pursuant to § 2699(f) of the Cal. Private Attorneys General Act**

**DEMAND FOR JURY TRIAL**

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Demario McMillian, et al. v. Overton Security, Inc., et al.*
.

## CLASS ACTION COMPLAINT

Plaintiff Demario McMillian, on behalf of himself and all others similarly situated ("Plaintiff"), complains and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this class and collective action on behalf of himself and other similarly situated individuals who have worked for Overton Security Services, Inc. ("Overton Security" or "Defendant")) as non-exempt, hourly employees, including but not limited to security guards and dispatchers, to challenge Overton Security's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and California's wage and hour laws.

2.     This is a class and collective action against Overton Security to challenge its policies and practices of: (1) failing to authorize and permit Plaintiff and the putative Class and Collective members to take meal and rest breaks to which they are entitled by law; (2) failing to pay Plaintiff and putative Class members for all hours worked; (3) failing to pay Plaintiff and putative Class and Collective members the minimum wage required by law; (4) failing to pay Plaintiff and putative Class and Collective members overtime wages required by law; (5) failing to provide Plaintiff and putative Class and Collective members accurate itemized wage statements; (6) failing to reimburse Plaintiff and putative Class and Collective members for necessary business expenditures incurred in the performance of work duties; and (7) failing to timely pay Plaintiff and putative Class and Collective members wages upon the termination of employment.

3.     Plaintiff and members of the putative Class and Collective are current and former employees who worked for Overton Security as non-exempt hourly employees in California. These employees include, but are not limited to, security guards and dispatchers.

4.     Plaintiff and putative Class and Collective members regularly work eight hours per day.  Plaintiff and putative Class and Collective members are also required to work in excess of eight hours in a day whenever security-related incidents occur towards the end of a shift. Plaintiff

1   and Class and Collective members often are not compensated with minimum wages or overtime

2   wages for time spent working in excess of eight hours in a day.

3         5.    In spite of their long shifts, Plaintiff and putative Class and Collective members are

4   routinely denied duty-free, uninterrupted meal and rest periods.

5         6.    Plaintiff and putative Class and Collective members do not receive accurate,

6   itemized wage statements reflecting the premium pay to which they are entitled to for missed

7   meal and rest breaks and for which they should be compensated.  Nor are Plaintiff and putative

8   Class and Collective members paid all amounts owed following voluntary or involuntary

9   termination of employment.

10        7.    Plaintiff and putative Class and Collective members must also pay work expenses

11  out of pocket, without reimbursement.  These unreimbursed expenses are separately actionable

12  under California law, and also result in overtime violations under the FLSA.

13        8.    As a result of these violations, Plaintiff seeks compensation, damages, penalties,

14  and interest to the full extent permitted by the FLSA, California Labor Code, Industrial Welfare

15  Commission ("IWC") Wage Orders, and California's Unfair Competition Law, Business and

16  Professions Code §§ 17200, *et seq*. ("UCL").

17        9.    Plaintiff seeks full compensation on behalf of himself and all others similarly

18  situated current and former employees of Overton Security for all denied minimum wages, over

19  time wages, meal and rest periods, inaccurate wage statements, unreimbursed necessary business

20  expenses, and waiting time penalties. Plaintiff also seeks declaratory, equitable, and injunctive

21  relief, including restitution.

22        10.   Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, Labor

23  Code, and California Code of Civil Procedure § 1021.5.

24                                      **PARTIES**

25        11.   Plaintiff and the putative Class and Collective members are currently and/or

26  formerly employed as hourly, non-exempt employees in California, from October 1, 2014 to the

27  resolution of this matter.

28
CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Demario McMillian, et al. v. Overton Security, Inc., et al.*

12. Plaintiff is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of California.

13. Plaintiff has been employed by Overton Security as a security guard from January 2017 to the present. Plaintiff works for Overton Security in Emeryville, California.

14. Overton Security is incorporated in California and conduct business throughout the state. Overton Security maintains its corporate headquarters in Fremont, California.

15. Overton Security provides security services for a wide range of clients, including individuals, private entities, and for the government. Overton Security employs security guards as well as other hourly employees, who are responsible for (among other things) patrolling client premises, monitoring surveillance of client premises, reporting and responding to emergencies, and drafting incident reports. Overton Security provides security services for clients throughout California. Plaintiff is further informed, believes, and thereon alleges that Overton Security employs hourly, non-exempt employees throughout California, including the Northern District of California.

16. At all relevant times, Overton Security has done business under the laws of United States, including California. At all relevant times, Overton Security has had places of business in California, including in this judicial district. At all relevant times, Overton Security has employed Class and Collective members in this judicial district. At all relevant times, Overton Security was been Plaintiff's "employer" within the meaning of the FLSA and California law.

## JURISDICTION AND VENUE

17. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

18. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Demario McMillian, et al. v. Overton Security, Inc., et al.*

## EQUITABLE TOLLING

19.     The limitations period applicable to Plaintiff Demario McMillian's individual claims, as well as the claims of putative Class and Collective members, against Overton Security was tolled from April 14, 2017 until the date Plaintiff first initiated this action by the pendency of the class action claims in *McMillian v. Overton Security Services, Inc.,* Alameda County Superior Court Case Number RG17856742 ("*McMillian I*").

## UNENFORCEABLE ARBITRATION AGREEMENT

20.     To the extent Plaintiff may have been required to enter into an arbitration agreement as a condition of his employment, that arbitration agreement is unenforceable because it is both procedurally and substantively unconscionable, and it interferes with Plaintiff's right to engage in protected concerted activity under Sections 7 and 8 of the National Labor Relations Act, 29 U.S.C. §§ 151-169 (the "NLRA"); *see also, Morris v. Ernst & Young, LLP,* 834 F.3d 975 (9th Cir. 2016).

## FACTUAL ALLEGATIONS

21.     Overton Security is a security company that provides security services to clients throughout California.  Plaintiff works for Overton Security as a security guard, and has done so from January 2017 to the present.   Plaintiff is responsible for patrolling client premises, monitoring surveillance of client premises, reporting and responding to emergencies, providing status updates to supervisors, and drafting incident reports.  Plaintiff was classified as an hourly, non-exempt employee and was paid an hourly rate for his services.  Upon hiring, Overton Security assigned Plaintiff to work at the Bay Street Shopping Center in Emeryville, California.

22.      Plaintiff typically works shifts of or in excess of eight hours a day, five days per week. During these work shifts, Plaintiff and putative Class members are denied legally compliant meal and rest breaks. While Plaintiff and putative Class members are provided two fifteen minute rest periods and one thirty-minute meal period for each eight-hour shift, during these periods, Plaintiff and putative Class members are required to remain "on call" and available to resume working on a moment's notice. Plaintiff and putative Class members are

1   required to carry walkie talkies and smart phones, and must respond to all radio and telephonic

2   inquiries and communications, and cannot leave designated break areas. Plaintiff and putative

3   Class members are expected to immediately respond in the event of a security-related incident.

4   As a result of this policy, Plaintiff and putative Class members are required to abandon breaks to

5   respond to security-related incidents.  And even when no security incidents occur during breaks,

6   because Plaintiff and putative Class members are required to be on call, as a matter of uniform

7   policy, Plaintiff and putative Class members are not provided duty-free meal and rest breaks

8   under California law.

9        23.    Plaintiff and putative Class members are also required to perform other work tasks

10  during meal and rest breaks.  For example, Overton Security requires Plaintiff and putative Class

11  members to provide periodic updates on their location while on break.  Plaintiff and putative

12  class members can be disciplined if they fail to report their location during a break.

13       24.    During these meal and rest periods, Plaintiff and putative Class members are not

14  relieved of all duty, and are subject to Overton Security's control.

15       25.    As a matter of policy, Overton Security does not provide premium pay when

16  Plaintiff and putative Class members are denied legally complaint meal and rest breaks.

17       26.    Plaintiff and putative Class and Collective members are required to perform

18  uncompensated work after work shifts are scheduled to conclude.  For example, when security-

19  related incidents occur at the conclusion of a work shift, Plaintiff and putative Class and

20  Collective members are required to continue working past the scheduled ending of the work

21  shift.  When such end-of-shift incidents occur, Plaintiff and putative Class and Collective

22  members are not compensated with minimum wages, agreed-upon wages, or overtime wages for

23  time spent working after the scheduled conclusion of a work shift.

24       27.    Plaintiff and putative Class and Collective members must also pay work expenses

25  out of pocket, without reimbursement.  For example, Plaintiff and putative Class and Collective

26  members are required to have a smartphone capable of making and receiving calls, sending

27  emails, and taking pictures to perform their basic job duties.  Overton Security requires the use

28

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Demario McMillian, et al. v. Overton Security, Inc., et al.*

of a cellular phone capable of taking pictures and sending emails so that Plaintiff and putative Class and Collective members can complete and submit incident reports on personal cellular devices.  Plaintiff was required to use, and in fact used, his personal smartphone while working for Overton Security.

28.     Plaintiff and putative Class and Collective members also incur other work-related expenses while working for Overton Security.  For example, Plaintiff was specifically instructed that he needed to purchase "black work boots" and a "black belt" for his uniform. Plaintiff and putative Class and Collective members must also pay for the cost of washing and maintaining their uniforms.  Plaintiff and putative Class and Collective members are not reimbursed by Overton Security for these expenses.

29.     Overton Security does not provide putative Class members with full payment of all wages owed at the end of employment.  Non-exempt, hourly employees are owed premium pay for missed meal and rest breaks when their employment ends, as well as compensation for all time worked and expense reimbursement, and these amounts remain unpaid after voluntary and involuntary termination.  As a consequence, Overton Security is subject to waiting time penalties.

30.     Overton Security's unlawful conduct has been widespread, repeated, and consistent throughout its operations in California.  Overton Security knows or should know that its policies and practices have been unlawful and unfair.

31.     Overton Security's conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## COLLECTIVE ALLEGATIONS UNDER THE FLSA

32.     Plaintiff brings his FLSA claims as a collective action pursuant to 29 U.S.C. § 216(b) for failing to properly pay Plaintiff and Collective members for all hours worked, wages at the agreed rate, and overtime compensation – unconditionally, free, and clear of any reductions and kickbacks.  The FLSA Collective that Plaintiff seeks to represent is defined as follows:

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Demario McMillian, et al. v. Overton Security, Inc., et al.*

> All current and former hourly, non-exempt employees of Overton Security,
> Inc., in State of California, during the time period three years prior to
> the filing of this Complaint until the resolution of this action.

33. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the Collective members.

34. The Collective members are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that fails to provide overtime for all time worked in excess of 40 hours in a week, and also fails to provide overtime compensation unconditionally, free, and clear of any reductions and kickbacks, in violation of the FLSA.

35. Plaintiff is representative of the Collective members and is acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

36. Plaintiff will fairly and adequately represent and protect the interests of Collective members. Plaintiff has retained counsel competent and experienced in employment class action and collective action litigation.

37. The similarly situated Collective members are known to Overton Security, are readily identifiable, and may be located through Overton Security's records. These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ALLEGATIONS UNDER CALIFORNIA LAW

38. Plaintiff brings this case as a class action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. The putative Class that Plaintiff seeks to represent is defined as follows:

> All current and former hourly, non-exempt employees of Overton Security
> in California from April 14, 2013, until the resolution of this action.

7

39.     Excluded from this action are the claims of Class members that accrued prior to October 1, 2014, and were settled by the classwide settlement in *Walsh v. Overton Security Services, Inc.,* County of Alameda Case RG 13679913.

40.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure 23:

a.  **Numerosity**:  The potential members of the putative Class as defined are so numerous that joinder of all the members of the putative Class is impracticable.

b.  **Commonality & Predominance**:  There are questions of law and fact common to Plaintiff and the putative Class that predominate over any questions affecting only individual members of the putative Class.  These common questions of law and fact include, but are not limited to:

   i.  Whether Defendant fails to authorize and permit, make available, and/or provide putative Class members with timely meal and rest periods which they are entitled in violation of the Labor Code and Wage Orders;

   ii.  Whether Defendant fails to authorize and permit, make available, and/or provide putative Class members with timely meal and rest periods which they are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

   iii.  Whether Defendant fails to compensate putative Class members for all hours worked in violation of  Labor Code;

   iv.  Whether Defendant fails to compensate putative Class members with at least minimum wage for all compensable work time in violation of the Labor Code;

   v.  Whether Defendant fails to compensate putative Class members with overtime wages for work performed in excess of eight hours in a day;

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Demario McMillian, et al. v. Overton Security, Inc., et al.*

   vi. Whether Defendant fails to provide putative Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

   vii. Whether Defendant fails to provide putative Class members with timely, accurate itemized wage statements in violation of Business and Professions Code §§ 17200 *et seq.*;

   viii. Whether Defendant fails to reimburse Class members for reasonable and necessary business expenses in violation of the Labor Code;

   ix. Whether Defendant fails to reimburse Class members for reasonable and necessary business expenses in violation of Business and Professions Code §§ 17200 *et seq.*;

   x. Whether Defendant fails to timely pay putative Class members for all wages owing upon termination of employment in violation of the Labor Code;

   xi. Whether Defendant fails to timely pay putative Class members for all wages owing upon termination of employment in violation of Business and Professions Code §§ 17200 *et seq.*; and

   xii. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

 c. **Typicality**: Plaintiff's claims are typical of the claims of the Class. Overton Security's common course of conduct in violation of law as alleged herein has caused Plaintiff and putative Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

 d. **Adequacy of Representation**: Plaintiff is a member of the Class, does not have any conflicts of interest with other putative Class members, and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and

9

experienced in litigating large employment class actions, including wage and hour classes.  Plaintiff will fairly and adequately represent and protect the interests of the Class members.

**Superiority of Class Action**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all putative Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each putative Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.  In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

### FIRST CAUSE OF ACTION
**Violation of the Fair Labor Standards Act**
**29 U.S.C. §§ 201,** *et seq.*
**(Against Defendant – on Behalf of the Collective)**

29     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

30     The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

31     The FLSA requires covered employers to pay its employees minimum and overtime wages "unconditionally" and "free and clear" of any reductions.  29 C.F.R. § 531.35. This rule applies to situations in which an employee is required to "kick back" a portion of the employee's wages to the employer or another party for the employer's benefit in the form of business-related expenses incurred by the employee.

32     At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. 29 U.S.C. §§ 203(e) and 207(a).

33     Defendant is a covered employer required to comply with the FLSA's mandates.

34     Defendant has violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia,* failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium, unconditionally, free, and clear of any reductions in the form of business expenses incurred by Plaintiff and Collective members.  Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective.  29 U.S.C. § 211(c).

35     Plaintiff and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendant, working throughout the State of California.

36     Plaintiff and the Collective are entitled to damages equal to the mandated pay, including straight time and overtime premium pay within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

37     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

38     As a result of the aforesaid violations of the FLSA's provisions, Plaintiff and members of the Collective are entitled to straight time and overtime compensation that has been unlawfully withheld by Defendant. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Demario McMillian, et al. v. Overton Security, Inc., et al.*

39      Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

### SECOND CAUSE OF ACTION
**Failure to Authorize and Permit and/or Make Available Meal and Rest Periods
Pursuant to Labor Code §§ 203, 223, 226.7, 512, and 1198
(Against Defendant – on Behalf of the Class)**

40      Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

41      Overton Security routinely denied timely meal periods to Plaintiff and putative Class members.  Despite long work days regularly lasting at least eight hours, Overton Security prevents Plaintiff and putative Class members from taking duty-free, uninterrupted meal and rest breaks by requiring them to be on-call.  If a security-related incident occurs while hourly employees are on break, they are expected to resume work immediately.

42      To ensure that hourly employees are able to immediately respond to security-related incidents, Overton Security requires Plaintiff and putative Class members to take meal and rest breaks in specifically designated, on-site rooms, to have their walkie talkies and cellular telephones on their person at all times, and to provide periodic updates on their location.

43      Plaintiff and putative Class members are not paid one hour of premium pay for missed and/or noncompliant meal or rest breaks.

44      Labor Code §§ 226.7 and 512 and the applicable Wage Orders require Defendant to authorize and permit meal and rest periods to its employees.  Labor Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes.  Labor Code § 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours or major fraction thereof of work, and to pay employees their full wages during those rest periods.  Unless

1  the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest

2  period, the employee is considered "on duty" and the meal or rest period is counted as time

3  worked under the applicable wage orders.

4      45     Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who

5  fails to authorize, permit, and/or make available a required meal period must, as compensation,

6  pay the employee one hour of pay at the employee's regular rate of compensation for each

7  workday that the meal period was not authorized and permitted.  Similarly, an employer must

8  pay an employee denied a required rest period one hour of pay at the employee's regular rate of

9  compensation for each workday that the rest period was not authorized and permitted and/or not

10  made available.

11      46     Despite these requirements, Overton Security knowingly and willfully refused to

12  perform its obligation to authorize and permit and/or make available to Plaintiff and the Class the

13  ability to take the off-duty meal and rest periods to which they are entitled.  Defendant has also

14  failed to pay Plaintiff and the Class one hour of pay for each off-duty meal and/or rest periods

15  that they are denied.  Overton Security's conduct described herein violates Labor Code §§ 226.7

16  and 512.  Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the putative Class are

17  entitled to compensation for the failure to authorize and permit and/or make available meal and

18  rest periods, plus interest, attorneys' fees, expenses and costs of suit.

19      47     As a proximate result of the aforementioned violations, Plaintiff and the putative

20  Class have been damaged in an amount according to proof at time of trial.

21      Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

22                      **THIRD CAUSE OF ACTION**
                   **Failure to Compensate for All Hours Worked**
23                  **(Against Defendant – on Behalf of the Class)**

24      48     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

25  forth herein.

26

27

28

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Demario McMillian, et al. v. Overton Security, Inc., et al.*

49     Plaintiff alleges that Overton Security has willfully engaged and continues to engage in a policy and practice of not compensating Plaintiff and proposed Class members for all hours worked or spent in Overton Securities' control.

50     Overton Security regularly required Plaintiff and proposed Class members to perform hours of uncompensated off-the-clock.

51     Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

52     Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

53     Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the Wage Order.

54     IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

55     In violation of California law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiff and proposed Class members with compensation for all time worked.  Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff and the proposed Class members' rights.  Plaintiff and the Class are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses and costs of suit.

56     Plaintiff and the proposed Class members have been damaged in an amount to be proven at trial.

57     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## FOURTH CAUSE OF ACTION
### Failure to Pay Minimum Wages
### (Against Defendant – on Behalf of the Class)

58     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

59     Overton Security fails to compensate Plaintiff and proposed Class members with at least the minimum wage for all hours worked or spent in Overton Securities' control because Plaintiff and the proposed Class members are required to work off-the-clock.

60     During the applicable statutory period, Labor Code §§ 1182.11, 1182.12 and 1197, and the Minimum Wage Order were in full force and effect and required that Plaintiff and putative Class members receive the minimum wage for all hours worked at the rate of eight dollars ($8.00) per hour commencing January 1, 2008, at the rate of nine dollars ($9.00) per hour commencing July 1, 2014, and at the rate of ten dollars ($10.00) per hour commencing January 1, 2016.

61     IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

62     Labor Code § 1194(a) provides as follows:
Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

63     Because of Overton Securities' policies and practices with regard to compensating Plaintiff and putative Class members, Overton Security has failed to pay minimum wages as required by law.  Plaintiff and proposed Class members frequently perform work for which they are compensated below the statutory minimum, as determined by the IWC.

64     Labor Code §1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission,

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Demario McMillian, et al. v. Overton Security, Inc., et al.*

1   an employee shall be entitled to recover liquidated damages in an amount equal to the wages

2   unlawfully unpaid and interest thereon.

3        65    Plaintiff and proposed Class members have been deprived of minimum wages in an

4   amount to be proven at trial, and are entitled to a recovery of such amount, plus liquidated

5   damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194,

6   1194.2 and 1197.1.

**FIFTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**(Against Defendant – on Behalf of the Class)**

        66    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

forth herein.

        67    Overton Security did not properly compensate Plaintiff and proposed Class

members with appropriate overtime premiums, including time and a half and double time

premiums based on their regular rate of pay, as required by California law.

        68    Labor Code § 510(a) provides as follows:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.  Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.  Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

        69    IWC Wage Order 4-2001(3)(A)(1) states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours

16

in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek . . . .

70   Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

71   Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."  All such wages are subject to California's overtime requirements, including those set forth above.

72   Overton Security requires Plaintiff and proposed Class members to work in excess of eight hours per day. Overton Security does not properly compute overtime premiums based on Plaintiffs and proposed Class members' regular rate of pay, taking into consideration all wages received by Plaintiffs and proposed Class members.  Moreover, Defendants fail to pay overtime compensation in some instances for work in excess of eight hours in a single day.

73   Additionally and alternatively, Overton Securities' policies and practices of requiring Plaintiff and the Class to perform work off-the-clock is unlawful.  As a result of this unlawful policy, Plaintiff and putative Class members have worked overtime hours for Overton Security without being paid overtime premiums in violation of the Labor Code, the applicable IWC Wage Order, and other applicable law.

74   Overton Security has knowingly and willfully refused to perform its obligations to compensate Plaintiff and proposed Class members for all premium wages for overtime work. Overton Security is liable to Plaintiff and proposed Class members alleged herein for the unpaid

overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff and proposed Class members are entitled to an award of attorneys' fees and costs as set forth below.

75   Overton Security has damaged Plaintiff and proposed Class members in an amount to be proven at trial.

76   Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## SIXTH CAUSE OF ACTION
### Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226
### (Against Defendant – on Behalf of the Class)

77   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

78   Overton Security does not provide Plaintiff and putative Class members with accurate itemized wage statements as required by California law.

79   Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

80   The IWC Wage Orders also establishes this requirement.  (*See* IWC Wage Order 4-2001(7).)

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Demario McMillian, et al. v. Overton Security, Inc., et al.*

81     Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiff seeks to recover actual damages, costs and attorneys' fees under this section.

82     Overton Security does not provide timely, accurate itemized wage statements to Plaintiff and putative Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  The wage statements Overton Security provides its employees, including Plaintiff and putative Class members, do not accurately reflect the premium pay to which they are entitled to for missed meal and rest breaks, actual gross wages earned, and actual net wages earned.

83     Overton Security is liable to Plaintiff and the putative Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

84     Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION
### Failure to Reimburse for Necessary Business Expenditures Pursuant to Labor Code § 2802
### (Against Defendant – on Behalf of the Class)

85     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

86     Overton Security does not reimburse Plaintiff and putative Class members for necessary business expenditures.

87     Labor Code § 2802 provides, in relevant part:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee,

19

> at the time of obeying the directions, believed them to be unlawful. … For the purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

88      Overton Security requires Plaintiff and putative Class members to pay out of pocket for cellular telephones capable of taking pictures and sending emails (i.e., "smart phones"), as well as boots and belts. Overton Security does not reimburse Plaintiff and the putative Class members for these expenditures.

89      Defendant is liable to Plaintiff and the putative Class members for the unreimbursed expenses and civil penalties, with interest thereon.  Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

90      Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION
### Waiting Time Penalties Pursuant to Labor Code §§ 201-203
### (Against Defendant – on Behalf of the Class)

91      Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

92      Overton Security does not provide Plaintiff and putative Class members with their wages when due under California law after their employment with Defendant ends.

93      Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

94  Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

95  Labor Code § 203 provides, in relevant part:

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Demario McMillian, et al. v. Overton Security, Inc., et al.*

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

96    Some of the putative Class members left their employment with Overton Security during the statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit of Overton Security, which went unrecorded and/or uncompensated.

97    Overton Security willfully refused and continues to refuse to pay Plaintiff and putative Class members all the wages that were due and owed to them, in the form of meal and rest period premium pay, upon the end of their employment. As a result of Overton Security's actions, Plaintiff and putative Class members have suffered and continue to suffer substantial losses, including lost earnings, and interest.

98    Overton Security's willful failure to pay Plaintiff and putative Class members the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Overton Security is liable to Plaintiff and proposed Class members for all penalties owing pursuant to Labor Code §§ 201-203.

99    In addition, § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Plaintiff and putative Class members are entitled to penalties pursuant to Labor Code § 203, plus interest.

100    Wherefore, Plaintiff and the Class request relief as hereinafter provided.

### NINTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§ 17200,** *et seq.*
**(Against Defendant – on Behalf of the Class)**

101    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

102    The UCL prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

21

103   Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

104   Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

105   Since at least October 1, 2014, Defendant has committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a.   violations of Labor Code §§ 226.7 and 512 and Wage Order 4-2001 pertaining to meal and rest breaks;

    b.   violations of Labor Code § 2802 regarding indemnification for necessary expenditures;

    c.   violations of Labor Code §§ 201-203.

106   The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq.*

107   The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200, *et seq.*  Among other things, the acts and practices have taken from Plaintiff and the Class wages rightfully earned by them, while enabling Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

108   Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to

1   prevent Defendant from repeating the unlawful, unfair, and fraudulent business acts and practices

2   alleged above.

3       109    As a direct and proximate result of the aforementioned acts and practices, Plaintiff

4   and the Class members have suffered a loss of money and property, in the form of unpaid wages

5   which are due and payable to them.

6       110    Business and Professions Code § 17203 provides that the Court may restore to any

7   person in interest any money or property which may have been acquired by means of such unfair

8   competition.  Plaintiff and the Class are entitled to restitution pursuant to Business and

9   Professions Code § 17203 for all wages and payments unlawfully withheld from employees

10  during the four-year period prior to the filing of this Complaint.  Plaintiff's success in this action

11  will enforce important rights affecting the public interest and in that regard Plaintiff sues on

12  behalf of herself as well as others similarly situated.  Plaintiff and putative Class members seek

13  and are entitled to unpaid wages, declaratory and injunctive relief, and all other equitable

14  remedies owing to them.

15      111    Plaintiff herein takes upon herself enforcement of these laws and lawful claims.

16  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a

17  public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to

18  pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to

19  Code of Civil Procedure § 1021.5 and otherwise.

20      112    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

21

22                          **TENTH CAUSE OF ACTION**
             **Penalties Pursuant to § 2699(a) of the Private Attorneys General Act**
23               **(Against Defendant – On Behalf of All Aggrieved Employees)**

24      113    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

25  forth herein.

26      114    Labor Code § 2699(a) provides:

27          Notwithstanding any other provision of law, any provision of this code
            that provides for a civil penalty to be assessed and collected by the Labor

28                                           23

and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees.

115    Labor § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days.

116    Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely  based on a salary and who is exempt from payment of overtime under  subdivision (a) of Section 515 or any applicable order of the Industrial  Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all  deductions, provided that all deductions made on written orders of the  employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the  name and address of the legal entity that is the employer, and (9) all applicable  hourly rates in effect during the pay period and the corresponding number  of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

117    Labor § 558(a) provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each

24

underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3)  Wages recovered pursuant to this section shall be paid to the affected employee.

118     Plaintiff seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendant, as alleged above, to timely pay all wages owed to Plaintiff and each putative Class member in compliance with Labor Code §§ 201-202 in the amounts established by Labor Code § 203.  Plaintiff seeks such penalties as an alternative to the penalties available under Labor Code § 203, as prayed for herein.

119     Plaintiff also seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendant, alleged above, to provide Plaintiff and each Class member an accurate, itemized wage statement in compliance with Labor Code § 226(a) in the amounts established by Labor Code § 226(e).  Plaintiff seeks such penalties as an alternative to the penalties available under Labor Code § 226(e), as prayed for herein.

120     Plaintiff also seeks civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendant, alleged above, to provide Plaintiff and each Class member compliant meal and rest periods in compliance with Labor Code § 512.

121     Plaintiff also seeks civil penalties pursuant to Labor Code § 2699(a) for each violation of Labor Code § 510, alleged above, as well as any provision regulating hours and days of work in any order of the IWC.

122     Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff provided the Labor and Workforce Development Agency ("LWDA") with notice of his intention to file this claim. Sixty-five calendar days have passed without notice from the LWDA.  Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with § 2699.3(a).

123     Plaintiff seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and himself as set forth in Labor Code § 2699(g)(i).

124     Defendant is liable to Plaintiff, the putative Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon.  Plaintiff is also entitled to an

25

award of attorneys' fees and costs as set forth below.

125     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## ELEVENTH CAUSE OF ACTION
### Penalties Pursuant to § 2699(f) of the Private Attorneys General Act
### (Against Defendant – On Behalf of All Aggrieved Employees))

126     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

127     Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

128     To the extent than any violation alleged herein does not carry penalties under Labor Code § 2699(a), Plaintiff seeks civil penalties pursuant to Labor Code § 2699(f) for Plaintiff and Class members each pay period in which he or she was aggrieved, in the amounts established by Labor Code § 2699(f).

129     Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiff has provided the LWDA with notice of his intention to file this claim.  Sixty-five calendar days have passed without notice from the LWDA.  Plaintiff satisfied the administrative prerequisites to commence this civil action in compliance with § 2699.3(a).

130     Plaintiff seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and themselves as set forth in Labor Code § 2699(g)(i).

131     Defendant is liable to Plaintiff, the putative Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon.  Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

132     Wherefore, Plaintiff and the Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

a) Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA and California Labor Code;

b) For a declaratory judgment that Defendant has violated the FLSA and California Labor Code and public policy as alleged herein;

c) For a declaratory judgment that Defendant has violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

d) For preliminary, permanent, and mandatory injunctive relief prohibiting Defendant, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

e) For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

f) For an order awarding Plaintiff and the Class members compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff and Class members, together with interest on these amounts, according to proof;

g) For an award of reasonable attorneys' fees as provided by the FLSA and California Labor Code; California Code of Civil Procedure § 1021.5; and/or other applicable law;

h) For all costs of suit;

i) For interest on any damages and/or penalties awarded, as provided by applicable law; and

j) For such other and further relief as this Court deems just and proper.

Dated: June 9, 2017

Respectfully submitted,

/s/ *Carolyn Hunt Cottrell*

Carolyn Hunt Cottrell
David C. Leimbach

27

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Demario McMillian, et al. v. Overton Security, Inc., et al.*

SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California:
Tel:  (415) 421-7100
Fax: (415) 421-7105

Attorneys for Plaintiff and the Putative Class and
Collective

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff is entitled
to a jury.

Dated: June 9, 2017                    Respectfully submitted,

                                       /s/ *Carolyn Hunt Cottrell*
                                       Carolyn Hunt Cottrell
                                       David C. Leimbach
                                       SCHNEIDER WALLACE
                                       COTTRELL KONECKY
                                       WOTKYNS LLP
                                       2000 Powell Street, Suite 1400
                                       Emeryville, California 94608
                                       Tel: (415) 421-7100
                                       Fax: (415) 421-7105

                                       Attorneys for Plaintiff and the Putative Class and
                                       Collective

CLASS AND COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Demario McMillian, et al. v. Overton Security, Inc., et al.*