UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARIO McMILLIAN,<br><br>    Plaintiff,<br><br>v.<br><br>OVERTON SECURITY SERVICES, INC.,<br><br>    Defendant. | Case No. 17-cv-03354-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 12 |

Plaintiff Demario McMillian ("McMillian" or "Plaintiff") sues his employer Defendant Overton Security Services, Inc. ("Overton" or "Defendant") for alleged violations of the Fair Labor Standards Act (FLSA) and California's wage and hour laws.  Now pending before the Court is Defendant's 12(b)(6) motion to dismiss the FLSA claim.  (Dkt. No. 12.)  Because Plaintiff has failed to allege any particular week where he was required to work off-the-clock, paid below the minimum wage, and not paid overtime wages, the Court grants Defendant's motion to dismiss the FLSA claim with leave to amend.

## BACKGROUND

**A.  Complaint Allegations**

Defendant is a security company that provides security services to clients throughout California.  (Complaint ¶ 15.)  Plaintiff is a security guard at the Bay Street Shopping Center in Emeryville, California.  He has been employed by Defendant since January 2017 as an hourly, non-exempt employee and is paid an hourly rate for his services.  (Complaint ¶ 13.)

Plaintiff asserts violations of the FLSA and the California Labor Code.  He brings his FLSA claims as a collective action pursuant to 29 U.SC. § 216(b).  Plaintiff claims (1) Defendant failed to pay overtime compensation for all hours worked in excess of forty hours; (2) Defendant

1  failed to pay minimum wage because Defendant failed to reimburse Plaintiff and collective
2  members for work-related expenses; and (3) Defendant failed to properly pay Plaintiff and
3  collective members for off-the-clock hours when security-related incidents occur near the end of
4  shifts. (Complaint ¶¶ 32-33.)

**B.    Procedural History**

Plaintiff filed suit in Alameda County Superior Court on April 14, 2017 alleging violations of California state law. (Dkt. No. 12-2 at 3.) On June 7, 2017, the court dismissed the action without prejudice. *Id*. Plaintiff subsequently filed the instant case on June 9, 2017, alleging violations of the FLSA in addition to the state law claims.

**DISCUSSION**

**A.    Motion to dismiss for failure to state a claim under 12(b)(6)**

**1.    Legal Standard**

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Mar. Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted).

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are

2

insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.")  The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.  "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663–64.

In *Landers v. Quality Commc'ns, Inc.,* 771 F.3d 638 (9th Cir. 2014), the Ninth Circuit noted that "[p]re-*Twombly* and *Iqbal,* a complaint under the FLSA for minimum wages or overtime wages merely had to allege that the employer failed to pay the employee minimum wages or overtime wages." *Id.* at 641.  However, post-*Twombly* and *Iqbal*, to survive a motion to dismiss, a plaintiff asserting an FLSA claim for overtime payments must allege that she worked more than 40 hours in a given week without being compensated for the overtime hours worked during that workweek. *Id*. at 644-45.

**2.    Analysis**

The Court grants Defendant's motion to dismiss the FLSA claim without prejudice.  The complaint fails to allege facts showing that there was a given week in which Plaintiff was entitled to but denied (1) overtime wages, (2) minimum wages, or (3) off-the-clock wages. *Landers*, 771 F.3d at 645, as amended (Jan. 26, 2015) ("at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week.")  Instead, Plaintiff asserts generalized allegations that "Plaintiff and putative Class and Collective members are not compensated with minimum wages, agreed-upon wages, or overtime wages for time spent working after the scheduled conclusion of a work shift." (Complaint ¶ 26.)  Plaintiff's conclusory allegations repeat the statutory language and fail to identify a specific pay period. *Landers*, 771 F.3d at 645.

i. *Overtime Wages*

Plaintiff argues the complaint meets the *Landers* standard for his overtime claim because he pled he was required to work in excess of 40 hours per week. In *Landers*, the Ninth Circuit acknowledged that the plaintiffs in FLSA cases "cannot be expected to allege 'with mathematical precision,' the amount of overtime compensation owed by the employer," but held that "they should be able to specify at least one workweek in which they worked in excess of forty hours and were not paid overtime wages." *Id*. (quoting *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 90 (2nd Cir. 2013)). The Ninth Circuit found that the plaintiff's allegations "failed to provide 'sufficient detail about the length and frequency of [his] unpaid work to support a reasonable inference that [he] worked more than forty hours in a given week.'" *Id*. (quoting *Nakahata v. New York–Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2nd Cir. 2013)). The court concluded that while "these allegations 'raise the possibility' of undercompensation in violation of the FLSA, a possibility is not the same as plausibility." *Id.* Thus, the court found the plaintiff's allegations failed to state a plausible claim under Rule 8. *Id.* The same is true here.

Plaintiff's reliance on *Daugherty v. SolarCity Corp.* to argue his claim for overtime wages is sufficient is unpersuasive. First, "the allegations of Daugherty's complaint [were] not clouded with references to collections of plaintiffs without any specifics about any individual plaintiff. [Daugherty's] complaint [was] about her circumstances only (apart from class allegations). Daugherty allege[d] that she herself typically worked a fifty hour week." *Daugherty*, No. C 16-05155 WHA, 2017 WL 386253, at *5 (N.D. Cal. Jan. 26, 2017). By contrast, here Plaintiff's allegations refer to "Plaintiff and putative Class and Collective members." (Complaint ¶ 4, 22, 26.)

Second, the *Daugherty* plaintiff "specifically allege[d] that her typical work week was fifty hours, offering greater specificity than the soft description of 'more than 40 hours.'" *Id*. Here, rather than alleging a typical number of hours worked, Plaintiff makes a vaguer reference to work "in excess of eight hours in a day." (Complaint ¶ 4; *see also* ¶ 22.) Thus, Plaintiff's factual allegations do not plausibly support an overtime claim.

ii. *Minimum Wage*

Plaintiff has failed to establish that the alleged kick-backs resulted in pay below the minimum wage. The Department of Labor regulations state that wage payments must be made "free and clear":

> Whether in cash or in facilities, 'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.' The wage requirements of the Act will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee. This is true whether the 'kick-back' is made in cash or in other than cash.

29 C.F.R. § 531.35. The FLSA requires employers to pay a minimum wage at all times for all hours worked. *Adair v. City of Kirkland,* 185 F.3d 1055, 1062 n.6 (9th Cir. 1999). To sufficiently allege an FLSA violation under the FLSA's employee-reimbursement provisions, an employee should point to a given period where he was paid below the minimum wage as a result of kick-backs to the employer. *California Dairies Inc. v. RSUI Indem. Co.*, 617 F. Supp. 2d 1023, 1045 (E.D. Cal. Mar. 20, 2009) ("The FLSA only requires an employer to reimburse the employee for furnishing or maintaining clean uniforms if failure to do so would reduce their wages below the minimum wage.")

Plaintiff has not alleged any pay period where he was paid below the minimum wage because of his out of pocket expenses. Plaintiff alleges that Overton required him to purchase a smartphone and black work boots and a belt without reimbursement and claims that, in doing so, Overton "required Plaintiff to 'kick back' a portion of his own wages to Defendant." (Dkt. No. 15 at 8.) Yet Plaintiff has not plausibly alleged that as a result of his unreimbursed work-related expenses he was paid below the minimum amount of wages owed. Accordingly, Plaintiff has not sufficiently alleged a violation of the FLSA with regard to his minimum wage claim.

*Rivera v. Peri & Sons Farms, Inc*. does not salvage Plaintiff's minimum wage claim. In *Rivera v. Peri & Sons Farms, Inc*., the Ninth Circuit held that the FLSA required an employer to reimburse the out-of-pocket expenses incurred by migrant farm workers "to the extent deductions for items not qualifying as 'board, lodging, or other facilities'—such as items primarily benefitting the employer—lower an employee's wages below the minimum wage." 735 F.3d 892,

5

897 (9th Cir. 2013). Here, however, Plaintiff has not plausibly alleged that his required purchases reduced his salary below the minimum wage for a given week. *Landers*, 771 F.3d at 645.

        iii.    *Off-the-Clock Work*

Plaintiff has failed to adequately plead his claim that he performed uncompensated work. Under the FLSA, an employer has an obligation to pay for work the employer "knows or has reason to believe" the employee performs. 29 C.F.R. § 785.11. Plaintiff has not plausibly alleged that he performed such work. He alleges that when "security-related incidents occur at the conclusion of a work shift, Plaintiff and putative class and collective members are required to continue working past the scheduled ending of the work shift." (Complaint ¶ 26.) He does not allege any facts that suggest such an incident ever occurred at the end of his shift, let alone any facts that show he was required to stay and not be paid; indeed, he alleges no facts whatsoever. This claim too does not satisfy federal pleading standards.

**B.**    **Defendant's Request for Judicial Notice**

Judicial notice is appropriate for "materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Under Federal Rule of Evidence 201(b), a "judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Defendant asks the Court to take judicial notice of Plaintiff's state class action complaint. (Dkt. No. 12-2.) The complaint is a public record that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b)(2). Defendant's request for judicial notice is therefore granted.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's motion to dismiss the FLSA claim for relief with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). Defendant argues that because the Plaintiff's pleadings are insufficient to satisfy 12(b)(6), the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) and

6

1  dismiss the remaining California state law claims.  Because the Court grants the motion to dismiss
2  under 12(b)(6) with leave to amend, it is premature to consider the Defendant's argument that the
3  court should decline to exercise supplemental jurisdiction.
4       Plaintiff shall file his amended complaint, if any, within 20 days of the date of this Order.
5  This Order disposes of Dkt. No. 12.
6  **IT IS SO ORDERED.**
7  Dated: September 19, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge